```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:97-00146

**JOSEPH REYNOLDS, JR.**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On February 13, 2017, the United States of America appeared by W. Clinton Carte, Assistant United States Attorney, and the defendant, Joseph Reynolds, Jr., appeared in person and by his counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Jeffrey D. Bella. The defendant commenced a five-year term of supervised release in this action on August 25, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on August 21, 1998.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant used and possessed cocaine as evidenced by positive urine specimens submitted by him on January 12, February 10, March 1 and 21, June 3, 6 and 13, 2016; (2) the defendant failed to follow the probation officer's instruction on April 6, 2016, that he contact the probation officer when he was discharged from the hospital inasmuch as he was discharged on April 7, 2016, and failed to notify the probation officer; (3) the defendant associated with an individual engaged in criminal activity inasmuch as on June 3, 2016, the probation officer located the defendant in a truck with a female passenger who was a drug user; (4) the defendant failed to report for urine screens as instructed on February 25, March 28, April 12 and 22, May 6, 9, 19 and 25, June 2 and 23, July 6, 12 and 27, and August 3, 2016; and (5) the defendant failed to report for a substance abuse assessment as directed by the probation officer on July 11, 2016; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of forty-two (42) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special conditions that (1) he spend a period of six (6) months in a community confinement center where he shall follow the rules and regulations of the facility, and

participate in drug abuse counseling and treatment as directed by the probation officer, and (2) that he spend a period of twelve (12) months of home confinement to be monitored electronically, during which time the defendant shall remain continuously at his residence except for the following approved absences: (a) medical emergency and medical appointments; (b) one church service per week; and (c) any other purpose which has the prior approval of the probation officer. The defendant shall pay the costs of the electronic monitoring.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: February 15, 2017

John T. Copenhaver, Jr.
United States District Judge

4